NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED TRANSPORTATION UNION
and RICHARD D. KITE,

Plaintiffs-Appellants,

v.

BURLINGTON NORTHERN SANTA FE
RAILWAY COMPANY,

Defendant-Appellee.

No.    15-35818

D.C. No. 3:10-cv-05808-RBL

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 7, 2017
Seattle, Washington

Before:  HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

In this comeback case, Plaintiffs-Appellants United Transportation Union and

Richard Kite (collectively, UTU) appeal the judgment in BNSF Railway Company's

(BNSF's) favor following a stipulated bench trial, which found that UTU failed to

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

prove by clear and convincing evidence the presence of corruption during a mandatory arbitration process relating to BNSF's discharge of Kite. We affirm.

The district court adhered to the previous panel's remand instructions. The previous panel's instructions were to sort through the contested facts to determine if corruption occurred by clear and convincing evidence, and if it did, what remedy might be appropriate. *United Transp. Union v. BNSF Ry. Co.*, 710 F.3d 915, 934–35 (9th Cir. 2013). The Findings of Fact and Conclusions of Law adhered to these instructions. Although UTU argues that the district court examined the underlying merits of the case—rather than any corruption—there is no indication the case was decided on anything other than whether the arbitration process was tainted by corruption. Because this was "the determination sought by remanding the matter[,] [t]he district court did not exceed its jurisdiction on remand." *L.A. Police Protective League v. Gates*, 995 F.2d 1469, 1477 (9th Cir. 1993).

Nor was the credibility determination regarding Jacalyn Zimmerman, to which we must give special deference, clearly erroneous. *See United States v. Haswood*, 350 F.3d 1024, 1028 (9th Cir. 2003). "[A] factfinder may . . . credit one witness's testimony over another's if both have related coherent and facially plausible stories that are not contradicted by extrinsic evidence." *Rodriguez v. Holder*, 683 F.3d 1164, 1176 (9th Cir. 2012).

Here, UTU argues that Zimmerman made inconsistent and self-serving statements that severely undermined her credibility. The record, however, does not contradict Zimmerman's statement that her draft award was written under a belief of a pending settlement. Further, the district court considered the evidence purportedly indicating Zimmerman's testimony was self-serving. Finally, while UTU argues certain "key evidence" should have been addressed and that it should have been allowed to call BNSF's counsel as a trial witness, UTU either fails to elaborate why the district court was obligated to address this evidence or how it is distinct from the evidence already in the record.

Additionally, the finding that Roger Boldra's statements were not the cause of Zimmerman's decision to recuse herself was not clearly erroneous. We review the district court's factual findings for clear error. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). Under this standard, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it." *Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985). Here, the district court resolved competing inferences drawn from Zimmerman and Jay Schollmeyer's testimonies in making its causation finding. The district court did not clearly err in finding Zimmerman more credible than Schollmeyer and basing its causation finding on Zimmerman's testimony.

Finally, the district judge did not plainly err in failing to *sua sponte* recuse himself for bias. Federal law requires a "federal judge to 'disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" *Liteky v. United States*, 510 U.S. 540, 541 (1994) (quoting 28 U.S.C. § 455(a)). Recusal is necessary when the judge's opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. Where, as here, a party fails to file a formal motion for recusal before the district court, the review is for plain error. *United States v. Holland*, 519 F.3d 909, 911 n.1 (9th Cir. 2008). Although UTU cites to the district judge's comments that purportedly show bias against the consumption of any alcohol by a railroad worker and disagreement with the previous panel's remand instructions, these comments do not rise to the very high standard set forth in *Liteky*.

**AFFIRMED**.